IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANTONIO LEON MOSES, | |
| Plaintiff, | CIVIL ACTION NO.: 6:21-cv-24 |
| v. | |
| J. BOBBIT, | |
| Defendant. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 26. This matter is before the Court both for a frivolity screening under 28 U.S.C. § 1915A and on several of Plaintiff's Motions. For the reasons which follow, I **VACATE** this Court's Order granting Plaintiff's Motion to Proceed *in Forma Pauperis*, **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis,* doc. 8, and **DENY as moot** Plaintiff's other Motions. Docs. 17, 27. I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction, doc. 22, and **DISMISS without prejudice** Plaintiff's Complaint.[1] Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] Plaintiff's Petition for Writ of Mandamus is being construed as a supplement to the original Complaint based on the content of the filing and because Plaintiff used the same form to begin this case and in his supplement. Docs. 1, 26. Furthermore, although Plaintiff used forms related to mandamus actions, he is plainly attempting to assert claims under § 1983.

## PLAINTIFF'S CLAIMS[2]

Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendant Bobbit regarding incidents that happened to him while incarcerated at Georgia State Prison.  Doc. 1 at 1.  Plaintiff states an unnamed officer purposely gave him "drug ice" which caused his head to swell.  Id. at 2.  Instead of offering help, Plaintiff states a prison guard recorded the entire incident on his cell phone.  Id.  Plaintiff states this incident was part of a larger plot to poison him due to his Christian faith.  Doc. 26 at 2.  Additionally, Plaintiff states he has been confined in his cell because he is a Christian, and the chaplain denied him a baptism.  Id. at 3–4.

## DISCUSSION

### I. Dismissal Under 28 U.S.C. § 1915(g)

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's

---

[2]    All allegations set forth here are taken from Plaintiff's Complaint.  Docs. 1, 26.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1) Moses v. Lamb, et al., No. 1:13-cv-122 (M.D. Ga. Oct. 16, 2013) (dismissed for failure to state a claim);

2) Moses v. Sproul, No. 1:13-cv-65 (M.D. Ga. July 9, 2013) (dismissed for failure to state a claim); and

3) Moses v. Gray, No. 1:13-cv-98 (M.D. Ga. June 11, 2013) (dismissed for failure to state a claim).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

"In determining whether the imminent-danger exception applies, we construe a pro se plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a whole." O'Connor v. Warden (O'Connor III), 754 F. App'x 940, 941 (11th Cir. 2019). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009). Here, many of Plaintiff's complaints refer to past harm, such as the threats to push back his court date and the incident with the officer drugging him. Doc. 1 at 2–3. It is

3

unclear from the Complaint whether the unnamed individuals who previously harmed Plaintiff are still harming him and, thus, he fails to show his injury is imminent or ongoing. See Medberry, 185 F.3d at 1193.

Furthermore, the remainder of Plaintiff's allegations are incredibly vague and conclusory. He speaks about being poisoned in order to prevent him from preaching his religion but does not say who is poisoning him or how. Doc. 1 at 1. He also describes a wide-ranging plot to kill him in the aftermath of killing his family but does not provide details about how Defendant is involved in such a plot. Id. at 3; see O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 805 (11th Cir. 2016) (holding the plaintiff did not sufficiently plead imminent danger because his fears were "speculative and not factually supported."). Therefore, Plaintiff does not qualify for the imminent danger exception and his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

4

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above I **VACATE** this Court's Order granting Plaintiff's Motion to Proceed *in Forma Pauperis*, **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 8, and **DENY as moot** Plaintiff's other Motions.  Docs. 17, 27.  I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction, doc. 22, and **DISMISS without prejudice** Plaintiff's Complaint.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA